UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 25-60335-CIV-SMITH/HUNT

JONATHAN D. HART,

        Plaintiff,

vs.

ELAINE A. CARBUCCIA,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Defendant's Motion to Dismiss ("Motion"). ECF No. 12. The Honorable Rodney Smith, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for appropriate rulings. ECF No. 16; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough and careful review of the Motion, Plaintiff's Response, ECF No. 13, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that the Motion be GRANTED for the reasons below.

## BACKGROUND

The following facts are based on the allegations set forth in the Second Amended Complaint. ECF No. 10. Plaintiff Jonathan Hart ("Plaintiff") was a party to two state court proceedings[1] in the Circuit Court for the Seventeenth Judicial Circuit before Judge Elaine Ann Carbuccia ("Defendant"), who is the lone defendant in this case. *Id.*

---

[1] This Court may take judicial notice of the dockets in the related state court proceedings. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020). The dockets

The first state court case was a dissolution of marriage suit between Plaintiff and his ex-wife ("the Dissolution Proceeding").[2]  *Id.* at 3.  In that case, the parties disputed timesharing rights over their three children.  *Id.*  The second state court case is a civil action for a domestic violence injunction brought by one of the minor children against Plaintiff ("the Injunction Proceeding").[3]  *Id.*

In the Dissolution Proceeding, at a hearing in February 2024, Defendant allegedly "engaged in actions that blatantly contravened the principles of open and fair courtroom proceedings" by instructing Plaintiff to "sit down" and "stop talking."  *Id*. at 3–4.  She ultimately refused to allow the Plaintiff to present "material witnesses and exhibits" at this hearing.  *Id.* at 3.

In the Injunction Proceeding, Plaintiff filed various motions "to discharge the Guardian ad Litem, object to a Social Investigator, and to dissolve the domestic violence injunction or in the alternative modify the injunction."  *Id.*  At a hearing on November 13, 2024, Plaintiff called Dr. John Abuso as a witness.  *Id.* at 4.  Dr. Abuso is a therapist who testified Plaintiff is not violent and that he "posed no danger to himself, his children, or his ex-wife."  *Id.*  According to Plaintiff, that testimony was "uncontroverted."  *Id.*  Despite that testimony, Defendant denied Plaintiff's motion to dissolve the injunction.  *Id.* at 5.  Plaintiff moved for reconsideration of that decision, but Defendant denied that motion as well.  *Id.*

---

are publicly available through the website for the Clerk of Courts for Broward County. https://www.browardclerk.org/.

[2]  Plaintiff provided case number FMCE17002803.  ECF No. 10 at 3.

[3]  Plaintiff provided case number DVCE21006587.  ECF No. 10 at 3.

Based on the foregoing, Plaintiff filed this civil rights action against Defendant.  *See* ECF No. 1.  Since initial filing, Plaintiff has amended his complaint twice.  *See* ECF Nos. 9; 10.  The Second Amended Complaint brings one count for relief under 42 U.S.C. § 1983.  *See* ECF No. 10 at 9.  The basis of this § 1983 claim is that Defendant allegedly deprived Plaintiff of his due process rights under the Fifth and Fourteenth Amendments of the U.S. Constitution.  *See id*. at 1.  As relief, Plaintiff requests $275,000 in compensatory damages, injunctive relief requiring Defendant to complete "judicial training," and an order requiring Defendant's recusal in related state cases.  *Id.* at 9–10.  Now before the undersigned is Defendant's Motion to Dismiss.  ECF No. 12.

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "To meet this 'plausibility standard,' a plaintiff must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Arias v. Integon Nat'l Ins. Co.*, No. 18-22508-CIV-ALTONAGA/GOODMAN, 2018 WL 4407624, at *2–3 (S.D. Fla. Sep. 17, 2018) (quoting *Iqbal*, 556 U.S. at 678).  In considering a motion to dismiss, "the complaint must be construed in a light most favorable to the plaintiff and the factual allegations taken as true."  *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).  Unsupported allegations and conclusions of law, however, will not benefit from this favorable reading.  *See Iqbal*, 556 U.S. at 679.

### A. *Pro se* pleadings

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation omitted). Still, a *pro se* litigant must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *see also Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993) ("[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it.").

## **DISCUSSION**

Defendant argues that she is protected by judicial immunity. Issues of immunity may be considered at the motion to dismiss stage. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (stressing importance "of resolving immunity questions at the earliest possible stage in litigation").

Judges are entitled to "immunity . . . from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 554 (1967), *overruled on other grounds by Harlow v. Fitzgerald*, 467 U.S. 800 (1982). The two-part test for determining when a judge is immune from liability depends on (1) whether the judge dealt with the plaintiff while acting in a "judicial capacity" and, if yes, (2) whether the judge acted in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357, 362 (1978).

First, the undersigned considers whether Defendant dealt with Plaintiff in a "judicial capacity." *Stump*, 435 U.S. at 362. This requires examining the challenged conduct because "it [is] the nature of the function performed, not the identity of the actor who

4

perform[s] it, that inform[s] our immunity analysis." *Trump v. United States*, 603 U.S. 593, 615–16 (2024) (quoting *Forrester* v. *White*, 484 U.S. 219, 229 (1988)).  Though judicial immunity may not extend to "administrative decisions" by a judge, *see Forrester v. White*, 484 U.S. 219, 228 (1988), nothing in the Second Amended Complaint suggests that this suit is based on an administrative action.  According to Plaintiff, Defendant "made the rulings (or decisions) which are the subject of this lawsuit in her official capacity as a judge." ECF No. 10 at 3.  She held hearings, denied Plaintiff's motions, and instructed Plaintiff to "sit down" and "stop talking" in court.  *Id.* at 3–4.  Those actions are quintessential functions of a trial judge.  *See McIndoo v. Broward Cty.,* 750 F. App'x. 816, 819 (11th Cir. 2018) (concluding that state court judges were entitled to absolute judicial immunity for claims that "stem from judicial rulings made . . . as part of the underlying child-custody proceedings").  The undersigned finds that Defendant acted squarely in her judicial capacity.

Second, the undersigned considers whether Defendant nevertheless acted "in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 357.  In Plaintiff's Response to the Motion, ECF No. 13 at 4, Plaintiff cites to the dissent in *Dykes v. Hosemann*, 776 F.2d 942, 954–55 (11th Cir. 1985) (Hatchett, J., dissenting) ("It is difficult to understand how every person in the United States may be held accountable in damages for conspiring to violate another person's federal constitutional rights, except those persons trained in constitutional guarantees, charged with interpreting the constitution, and oath bound to deal fairly with parties to litigation.").  In *Dykes*, a state court judge allegedly conspired with a litigant and signed a child custody order in a dependency proceeding despite lacking personal jurisdiction over the mother.  *See id.* at 947.  Nevertheless, the en banc

5

majority concluded that subject matter jurisdiction existed, so judicial immunity was still available.  *See id.* at 949–50.  Since the *Dykes* decision, courts in the Eleventh Circuit have readily dismissed § 1983 claims against judges on immunity grounds.  *See, e.g., Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005) (affirming dismissal of complaint); *Simmons v. Conger*, 86 F.3d 1080, 1084–85 (11th Cir. 1996) (reversing judgment for nominal § 1983 damages against state judge); *Bounds v. 16th Jud. Cir. Ct. of Fla.*, No. 21-10066-CIV-ALTMAN, 2021 WL 3190876, at *2 (S.D. Fla. July 28, 2021) (dismissing *pro se* plaintiff's § 1983 claim against state judge for failure to state claim).  This is true "even when the judge's conduct 'was in error, was done maliciously, or was in excess of his [or her] authority.'"  *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017) (quoting *Stump*, 435 U.S. at 356–57).

Against that background, even if Defendant made an erroneous ruling, that would not mean that Defendant acted outside of her jurisdiction.  *See Stevens*, 877 F.3d at 1301.  There is no need to make that finding, however, because all of Defendant's alleged conduct consisted of actions taken well within her jurisdiction.  Defendant is immune to Plaintiff's claim for damages.

Because Plaintiff also seeks declaratory and injunctive relief, that is not the end of the inquiry.  "Judicial immunity's scope depends on the type of relief sought." *Middlebrooks v. Kasmar*, No. 4:25-CV-00167-WMR, 2025 WL 3209684, at *2 (N.D. Ga. Aug. 11, 2025), *appeal dismissed*, No. 25-12771, 2025 WL 3172591 (11th Cir. Nov. 13, 2025).

Section 1983 states that "injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.  *See Tarver*

6

*v. Reynolds*, 808 F. App'x. 752, 754 (11th Cir. 2020) (interpreting § 1983 to mean that "judges also receive protection from declaratory and injunctive relief").  Declaratory relief is unavailable only if there is no "adequate remedy at law." *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000).  In this case, the typical state appellate process serves as an adequate remedy.  *See Duman v. Wigand*, No. 25-61151-CIV-STRAUSS, 2025 WL 2324362, at *1 n.2 (S.D. Fla. July 28, 2025) ("If Plaintiff is seeking a modification or reversal of a domestic violence injunction, a Florida appellate court can provide the necessary relief to remedy any deprivation.").

Given that Plaintiff had the opportunity to appeal each of Defendant's rulings (and Defendant represents that Plaintiff took advantage of those opportunities), injunctive and declaratory relief is not available to Plaintiff in this case.  Indeed, Plaintiff "makes no allegations regarding a violation of a declaratory decree or the availability of declaratory relief," so the Second Amended Complaint fails to establish that such relief would be appropriate.[4]  *Duman*, 2025 WL 2324362, at *3; *see also Richardson v. Davis*, No. 1:25-CV-03375-JPB-AWH, 2025 WL 2743900, at *5 (N.D. Ga. Aug. 6, 2025), *report and recommendation adopted*, 2025 WL 3305601 (N.D. Ga. Sept. 30, 2025) (dismissing claims against judge where there is ongoing appeal of state court rulings).

Judicial immunity bars Plaintiff's § 1983 claim in its entirety.  Even when construing the Second Amended Complaint in the light most favorable to Plaintiff and accepting his

---

[4]  In his response to the Motion, Plaintiff emphasizes that he is seeking "prospective" relief.  ECF No. 13 at 4.  The Supreme Court previously concluded in *Pulliam v. Allen* that "judicial immunity is not a bar to prospective injunctive relief" in a § 1983 suit.  446 U.S. 522, 541–42 (1984).  Since then, § 1983 was amended, and the Eleventh Circuit has found that the *Pulliam* decision was "partially abrogated by statute." *Bolin v. Story,* 225 F.3d 1234, 1242 (11th Cir. 2000).

factual allegations as true, s*ee Brooks*, 116 F.3d at 1369, the undersigned finds that dismissal is warranted.[5]

In addition, Defendant requests dismissal with prejudice.  ECF No. 12 at 19.  When granting or denying leave to amend a complaint, "trial courts have broad discretion." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Plaintiff has amended his Complaint twice.  *See* ECF Nos 9; 10.  Each Complaint suffers from the same fundamental issue:  the bar of judicial immunity, which is more than a mere pleading defect.  On these facts, further amendment would be "futile."  *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262 (11th Cir. 2004).  The undersigned recommends dismissal with prejudice.  *See Austin v. Mullins*, No. 24-14271-CIV-CANNON, 2024 WL 4502258, at *2 (S.D. Fla. Sep. 10, 2024) ("[A]ny amendment by Plaintiff clearly . . . could not overcome the judicial immunity doctrine, warranting dismissal with prejudice.").

## **RECOMMENDATIONS**

For the reasons set forth above, the undersigned hereby RECOMMENDS that Defendant's Motion to Dismiss, ECF No. 12, be GRANTED, and the Second Amended Complaint, ECF No. 10, be DISMISSED with prejudice.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely

---

[5] Because judicial immunity applies, the undersigned need not address other arguments raised in the Motion.

object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 15th day of January 2026.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

All Counsel of Record

Jonathan D. Hart
120 Wild Pine Rd.
Wellington, FL 33414